IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. BONTEMPO, individually and on behalf of a class of similarly situated persons,<br>    Plaintiff,<br><br>    vs<br><br>WOLPOFF & ABRAMSON, L.L.P.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-745<br>)<br>)<br>) |

REPORT AND RECOMMENDATION

I. Recommendation:

  It is respectfully recommended that the defendant's motion for judgment on the pleadings (Document No. 55) be denied.

II. Report:

  Presently before the Court is a motion for judgment on the pleadings filed by defendant Wolpoff & Abramson, L.L.P. ("W&A"). For reasons discussed below, W&A's motion for judgment on the pleadings should be denied.

  On June 7, 2006, plaintiffs Thomas Bontempo and Terry Monteleone, on behalf of themselves and all others similarly situated, filed a class action complaint, alleging that W&A violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), by engaging in false, deceptive or misleading means in connection with the collection of their debts (the "original complaint"). As set forth in the original complaint and W&A's answer thereto, Bontempo and Monteleone obtained consumer credit from MBNA America Bank, N.A. ("MBNA") by means of a credit card which was governed by a credit card agreement, and both

plaintiffs fell behind in their credit card payments. To pursue collection of their delinquent accounts, MBNA retained W&A, a law firm whose practice includes consumer debt collection. W&A contacted the plaintiffs and demanded payment of their overdue accounts to no avail. W&A then filed arbitration claims against each plaintiff on behalf of MBNA pursuant to the plaintiffs' credit card agreements.

In their original complaint, the plaintiffs alleged that W&A violated the FDCPA by obtaining arbitration awards against them without a participatory hearing, used those awards to collect their debts, and increased the amounts of their debts in the arbitral awards by adding costs and fees thereto through use of that unlawful process. In ¶¶ 32(a)-(d) of the original complaint, the plaintiffs averred that W&A violated the FDCPA by:

>    (a)    Misrepresenting the character, amount or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)([A]);
>
>    (b)    Threatening action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);
>
>    (c)    Using false, deceptive, or misleading representations or means in an attempt to collect a debt in violation of 15 U.S.C. §§ 1692e and e(10); and
>
>    (d)    Attempting to collect any amount not authorized by agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1).

On January 9, 2007, W&A moved for summary judgment on the original complaint. In a Report and Recommendation dated March 27, 2007, it was recommended that W&A's motion for summary judgment be granted in part and denied in part (the "R&R"). In an Order dated May 2, 2007, the Court adopted the R&R as its opinion. Thereafter, discovery on class certification was scheduled, as was the filing of briefs on the plaintiff's anticipated motion

for class certification.

On July 13, 2007, the plaintiffs moved for leave to file an amended class action complaint, to which they attached a copy of their proposed amended pleading. The plaintiffs proffered several reasons to justify the filing of an amended class action complaint, including that: (1) representative plaintiff Terry Monteleone no longer wished to pursue the matter; (2) the proposed amended complaint provided greater detail on claims which remained viable following the R&R and revised the class definition; and (3) W&A would suffer no prejudice, as discovery was not closed, and Bontempo was not raising a new theory of liability. In a text Order dated July 16, 2007, the Court granted the plaintiffs' motion for leave to file the proposed amended complaint. On July 17, 2007, Thomas Bontempo, individually and on behalf of a class of similarly situated persons, filed the amended class action complaint.

In the amended class action complaint, Bontempo alleges that W&A violated the FDCPA by using false, deceptive or misleading means in connection with the collection of debts. Specifically, he complains that W&A utilized a method for assessing attorneys fees against proposed class members that was not authorized by MBNA's agreements, and in state court complaints, it misrepresented the debts allegedly owed on the amount of its fees or the method of determining them. W&A is said to have used unfair means to collect debts in violation of 15 U.S.C. §§ 1692f and 1692f(1) (Count I) and to have made false or misleading representations in connection with the collection of debts in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A)&(B), and 1692e(10) (Count II).

On August 3, 2007, W&A filed an answer to the amended complaint, denying liability. On August 6, 2007, W&A moved for judgment on the pleadings on the amended

3

complaint. In support of its motion, W&A argues that Bontempo's claims in the amended complaint are time-barred, as they are based on a different fact pattern and a distinct legal theory from the claims raised in the original complaint, such that they do not relate back to the filing of the original complaint under F.R.Civ.P. 15(c).[1] In addition, W&A argues that the claims of the proposed class members in the amended complaint are time-barred.

A motion for judgment on the pleadings is subject to the same standard as a Rule 12(b)(6) motion to dismiss. Mele v. Federal Reserve Bank of New York, 359 F.3d 251, 253 (3d Cir. 2004). Thus, we must view all facts presented in the pleadings in a light most favorable to the non-movant. Id. However, a motion for judgment on the pleadings will not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment as a matter of law." Id.

W&A premises its motion for judgment on the pleadings on its erroneous belief that the amended complaint contains "an entirely different fact pattern" and "a distinct legal theory" from that claimed in the original complaint. According to W&A, while the original complaint focused on its pursuit of binding arbitration against the plaintiffs (who claimed it violated the FDCPA by obtaining awards against them through a non-participatory process and improperly increased their debts by adding costs and fees thereto), the crux of the amended complaint is that it misrepresented its right to collect attorneys' fees in state court filings (where it allegedly violated the FDCPA by seeking fees which were not authorized by contract or law). It is W&A's position that since the amended complaint raises a new theory -- premised on the

---

1. Rule 15(c)(2) provides: "An amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

filing of state court complaints, rather than on the arbitration process -- it does not relate back to the filing of the original complaint.

The issue of "relation back" is significant here, because in the amended complaint, Bontempo alleges that W&A violated the FDCPA in state court complaints filed against him on September 1, 2005, November 15, 2005, and February 17, 2006 (see, amended complaint at ¶¶ 24-26). Under the FDCPA, "[a]n action to enforce any liability created by the subchapter may be brought... within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). As noted above, the original complaint was filed on June 7, 2006, whereas the amended complaint was filed on July 13, 2007. Thus, if Bontempo's above claims do not relate back to the filing of the original complaint, they are time-barred.

Contrary to W&A's position, the amended complaint relates back to the filing of the original complaint. That is because the claims asserted in the amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." F.R.Civ.P. 15(c)(2). As the plaintiff explains, the amended complaint and the original complaint both pertain to W&A's alleged violations of the FDCPA in enforcing MBNA credit card agreements in Pennsylvania. While the original complaint focused on W&A's alleged misconduct in arbitration proceedings, it also complained that W&A added fees and costs to arbitration awards in subsequent state court proceedings. Specifically, in paragraphs 14, 24 and 27(e) of the original complaint, the plaintiffs alleged:

> 14. For debts of Pennsylvania residents, Defendant's standard of practice after obtaining [arbitration] awards is to use the Pennsylvania Judicial System to convert the alleged arbitration award into a judgment in a process in which the substantive decision regarding the amount of the debt and the amount of fees and costs added to it is not subject to review and is in direct

> contravention of the Pennsylvania Rules of Civil Procedure.
>
> 24. It was the policy and practice of W&A to add or to seek to add costs and fees to any 'arbitration' award through the use of that unlawful process.
>
> 27. There are questions of law and fact common to the class, which [include]...
>   (e) whether the Defendant attempted to collect any amount not authorized by agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692F(1).

Further, in opposing W&A's motion for summary judgment on the original complaint, the plaintiffs expounded on their claims in greater detail by arguing that W&A violated the FDCPA by requesting liquidated attorneys' fees in violation of the MBNA agreements and failed to delineate in state court complaints the amount of attorney fees and interest it sought.[2] As the Court recognized in the R&R, in so expounding on their claims, the plaintiffs were asserting with greater specificity how W&A allegedly violated provisions of the FDCPA identified in ¶ 32 of the original complaint.[3]

The Third Circuit Court of Appeals has explained that "application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings." Bensel v. Allied Pilots Ass'n., 387 F.3d 298, 310 (3d Cir. 2004). "As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." Id. Accord, USX Corp. v. Barnhart, 395 F.3d 161, 167 (3d Cir. 2004). Clearly, "amendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the

---

2. See, plaintiff's brief opposing W&A's motion for summary judgment (Doc. No. 32) at p.1.
3. See, R&R (Doc. No. 36) at p. 8, n.23.

preceding pleading fall within Rule 15(c)." Bensel, supra, 387 F.3d at 310.

Here, the claims asserted in the amended complaint arise from the same conduct or occurrences set forth in the original complaint and are based on the same legal theory, namely: W&A's alleged false, deceptive or unfair acts in seeking to collect attorneys' fees and other costs in connection with the enforcement of the MBNA agreements that were not authorized by contract or law in violation of the FDCPA. W&A had fair notice of the claims asserted in the amended complaint by virtue of the above-recited portions of the original complaint, as well as the plaintiffs' opposition to its motion for summary judgment where the plaintiffs expounded on their claims in greater detail. Based on the foregoing, the amended complaint "relates back" to the date of the filing of the original complaint pursuant to F.R.Civ.P. 15(c)(2).

In further support of its motion for judgment on the pleadings, W&A argues that the claims of putative class members in the amended complaint are time-barred. It is W&A's position that since the amended complaint identifies two new sub-classes of plaintiffs, their newly-raised claims do not relate back to the filing of the original complaint.[4]

---

4. In the original complaint, the class was defined as "all persons with addresses in Pennsylvania, from whom [W&A] obtained or attempted to obtain an 'arbitration award' through an arbitral process with non-participatory process absent an agreement to the contrary in connection with attempts to collect an alleged debt... primarily for personal, family, or household purposes during the period beginning one year prior to the date of filing this action". Complaint at ¶ 25. The amended complaint defines two subclasses as follows: the "Attorney Fee Provision Class" is defined as "all natural persons with addresses in Pennsylvania who entered into consumer credit card agreements with MBNA, as to whom W&A undertook collection by mailing correspondence or filing suit and against whom W&A charged or collected attorneys' fees in connection with the collection of a debt for personal family or household purposes on or after one year prior to the filing of this action." The "State Court Complaint Class" is defined as "all natural persons with addresses in Pennsylvania who entered into consumer credit card agreements with MBNA against whom W&A filed a complaint in a Pennsylvania Common Pleas Court on or after one year prior to the filing of this action." Amended Complaint at ¶ 27.

The United States Supreme Court has held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." American Pipe and Construction Co. v. Utah, 414 U.S. 538, 554 (1974). "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." Crown, Cork & Seal v. Parker, 462 U.S. 345, 354 (1983).

Here, the commencement of this class action on June 7, 2006 tolled the statute of limitations. Significantly, the Court has not yet ruled on the plaintiff's motion for class certification (all briefs on the motion are not due until October 26, 2007). Thus, Bontempo insists that the statutory period remains tolled for all members of the putative class. Indeed, the Third Circuit Court of Appeals has stated: "we see no good reason why class claims should not be tolled where the district court ha[s] not yet reached the issue of the validity of the class." McKowan Lowe & Co., Ltd. v. Jasmine, Ltd., 295 F.3d 380, 389 (3d Cir. 2002).

The fact that the amended complaint changed the class of plaintiffs in this case does not mean that their amended claims do not relate back to the filing of the original complaint. In that regard, we agree with Bontempo that the original complaint tolled the claims of the newly-defined sub-classes, as it provided fair notice to W&A of the class claims, as well as the generic identities of the potential class. See, cf. Cork, Crown & Seal, supra, 462 U.S. at 353; Smith v. Pennington, 352 F.3d 884, 893 (4th Cir. 2003) (the scope of a plaintiff's asserted class for tolling purposes is that for which there was fair notice as to both the substantive claims and the generic identities of potential plaintiffs that might participate in the judgment if the class was

certified).

Bontempo explains that the sub-classes in the amended complaint may be narrower and smaller than the class asserted in the original complaint, as they are limited to residents of Pennsylvania whose credit card agreements with MBNA were affected by W&A's practices in arbitration and state court enforcement proceedings.  Since W&A had fair notice of the claims asserted in the original complaint, and as the Court has not yet ruled on the validity of the proposed class, the amended claims of putative class members are tolled.

In its reply brief in support of its current motion, W&A also insists it is entitled to common law immunity on Bontempo's claims that it made false statements in state court complaints filed against him.  According to W&A, it is absolutely immune for statements made in its state court pleadings.  We disagree.  "[T]here is no blanket common law litigation immunity from the requirements of the FDCPA."  Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 230 (4th Cir. 2007).  Certainly, "[a]ttorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act."  Piper v. Portnoff Law Assoc., 396 F.3d 227, 232 (3d Cir. 2005), citing Heintz v. Jenkins, 514 U.S. 291 (1995).

Here, Bontempo alleges that W&A violated the FDCPA by using "false, deceptive or misleading means in connection with the collection of debts by utilizing a method for assessing its attorneys' fees against Plaintiffs that was not authorized by contract or law and by misrepresenting the debts allegedly owed in state court complaints by failing to disclose or making misleading statements about the amount or method of determining [its] attorneys fees." (Amended Complaint at ¶ 1).  W&A has not shown it is entitled to judgment as a matter of law

on Bontempo's claims.

       Therefore, it is recommended that the defendant's motion for judgment on the pleadings (Document No. 55) be denied.

       Within thirteen (13) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                             Respectfully submitted,

                                             <u>s/ ROBERT C. MITCHELL</u>
                                             United States Magistrate Judge

Dated: October 3, 2007